SCIARRA & CATRAMBONE, L.L.C.
Christopher A. Gray, Esq. (CAG 01468-2007)
100 Horizon Center Blvd.
Hamilton, New Jersey 08619
(856) 888-7066
(973) 242-3118 [Facsimile]
*Attorney for Plaintiffs*

|  |  |
|---|---|
| : | |
| : | UNITED STATES DISCTRICT COURT |
| : | FOR THE DISTRICT OF NEW JERSEY |
| Thomas Stewart II, Peter : | |
| DeLaGraza, Gregory Hale, : | CIVIL ACTION |
| Michael Geibel, Shannon Fallen: | |
| Robert A. Shinn, Jason Luis, : | |
| Arthur H. Shinn, John Hall : | DOCKET NO.: |
| Daniel Matthews, Anthony : | |
| Luster, Wayne Davis, Vincent : | |
| Cestare, Jason M. Gant, : | *COMPLAINT FOR:* |
| Michael C. Brewer, Bruce : | ACTION FOR UNPAID |
| Phillips, Sean Smith, Shannon : | WAGES AND OVERTIME UNDER THE |
| Lagaff, Thomas Lucas, Edward : | FLSA, AND NEW JERSEY WAGE AND |
| N. White, Andre Boyd, David : | HOUR LAW |
| Geibel, Perry J. Doyle, : | |
| Robert Hood, Kenneth M. Volk : | |
| John P. Laffan, Johnathan R. : | |
| Glass, Shaun Meyers, Michael : | |
| Bennett, David Sawyer, Charles: | |
| Bennett, Stephen Price, Justin: | |
| Kreig : | |
|     Plaintiffs, : | and |
| : | JURY DEMAND |
|     vs. : | |
| : | |
| Pemberton Township, Mayor : | |
| David A. Patriarca, *in his* : | |
| *official capacity only* : | |
| : | |
|     Defendants    : | |
| : | |

Plaintiffs Thomas Stewart II, Peter DeLaGarza, Gregory

Hale, Michael Geibel, Shannon Fallen, Robert A. Shinn, Jason

Luis, Arthur H. Shinn, John Hall, Daniel Matthews, Anthony Luster, Wayne Davis, Vincent Cestare, Jason M. Gant, Michael C. Brewer, Bruce J. Phillips, Sean Smith, Shannon LaGraff, Thomas Lucas, Edward N. White, Andre Byrd, David Geibel, Perry J. Doyle, Robert Hood, Kenneth M. Volk, John P. Laffan, Jonathan R. Glass, Shaun Myers, Michael Bennett, David Sawyer, Charles Bennett, Stephen Price, and Justin Kreig ("Plaintiffs"), by and through their attorneys, the Law Offices of Sciarra & Catrambone, L.L.C., upon information and belief, on behalf of themselves and those similarly situated by way of complaint against Defendants state the following:

## PRELIMINARY STATEMENT

1.    Plaintiffs have initiated this action to address intentional violations of the Fair Labor Standards Act ("FLSA") for unpaid overtime compensation.

2.    Plaintiffs seek an order invalidating the Defendants' time clock policy as an violation of the FLSA.  The provision of the policy requires police officers to clock in to work no more than 7 minutes before or after their shift whether or not they are required to perform work functions before or after the seven minute window.

3.    Defendants deliberately require officers to perform duties before and after their shifts technically start and end and

refuse to pay the officers for the overtime required to perform those duties.

## JURISDICTION AND VENUE

4.   The Jurisdiction and Venue of this matter are properly in the District of New Jersey, as plaintiffs are all residents of New Jersey and the Defendant Pemberton Township is an incorporated municipal entity in Burlington County and Defendant Mayor Patriarca shares offices with Defendant Pemberton Township.

5.   Jurisdiction is proper under 29 U.S.C. §201 *et sec.*, 28 U.S.C. §§ 2201-2202 and 28 U.S.C. § 1331.

6.   Under the FLSA, 29 U.S.C. § 216 (b) enforcement of the FLSA allows Plaintiffs to bring wage and hour claims in "any Federal or State court of competent jurisdiction."

## PARTIES

7.   Plaintiffs are sworn law enforcement officers, working in the patrol division, or who have worked in the patrol division over the past three years, and are employed by Defendants.

8.   Plaintiffs are all members of the Policeman's Benevolent Association Local 260 (the "PBA").

9.   The PBA is the exclusive bargaining unit for the patrolmen of the Pemberton Township Police Department.

3

10. The PBA and the Defendants arbitrated a collective bargaining agreement that had a duration from January 1, 2010 through December 1, 2013. The agreement covers wages, terms and conditions of employment, and overtime.

11. The PBA and the Defendants entered into a successor collective bargaining agreement with a duration of January 1, 2014 through December 31, 2017. The agreement covers wages, terms and conditions of employment, and overtime.

12. The 2010-2017 contract contains the following language under Article VI A:

> The twelve hour work schedule set forth above requires an employee to work eighty-four (84) hours in a fourteen day period. It is not the intent of the Parties that the twelve hour shift employees work more regular work hours, over the period of a year, than eight hour or ten hour shift employees. To equalize the regular work over an annual period, the Township shall have the option of maintaining the shifts at twelve (12) hours and providing overtime compensation as required. The Township may also provide advanced notice of at least twelve hours to Officers affected and adjust their scheduled hours, on not more than two days in a pay period, to reduce their total work hours to eighty (80) hours in any pay period. The Township may also grant each officer working a twelve hour schedule a prorated annual total of nine (9) 12 hours scheduled paid days off (SDO Days) (For a total of 108 hours, which shall be scheduled at the Township's discretion.)

13. The 2010-2017 contract contains the following language under Article VI B:

> Employees shall be paid at the premium rate of time and one half for all hours worked in excess of their regularly scheduled shift. This shall be subject to

4

the employer's FLSA compliant payroll time card policy, attached hereto as Appendix A.

14. The 2010-2017 contracts contain hourly rates. Those rates multiplied by 1.5 equate to the overtime rate sought under the FLSA.

15. The PBA made the Defendants aware of FLSA violations November 5, 2013 and Defendants took no remedial action.

16. Defendants employs approximately 50 police officers and at any given time 35-40 officers are assigned to the patrol division.

17. Defendant Pemberton Township is an incorporated municipal entity, with a primary address of 500 Pemberton Browns Mills Road, Pemberton, NJ 08068.

18. Defendant Mayor David Patriacra is the elected head of the municipal government and a former police officer in Pemberton Township with a primary address of 500 Pemberton Browns Mills Road, Pemberton, NJ 08068.

19. By way of a memorandum issued July 27, 2010, Defendant Patriacra usurped the authority of the Chief of Police to decide grievance disputes without mayoral or business administrator approval.

20. According to the Defendant Mayor Patriacra's memorandum dated July 27, 2010, the Mayor is solely responsible for the "implementation and interpretation of policies."

21. Defendants established a police department under the authority of N.J.S.A. 40A:14-118, and have created the position of Chief of Police.  The Chief of Police is responsible for the day-to-day operations of the Police Department.  The Chief of Police reports to the Borough Administrator and the Mayor directly and as a group they implement policies and procedures while acting in their official capacity. The Defendants acted by and through it agents, employees, and representatives to create the policies that violate the FLSA.

## FLSA ALLEGATIONS

22. Plaintiffs work for the Pemberton Township Police Department located at 500 Pemberton Browns Mills Rd., Pemberton Township, Burlington County, New Jersey. Plaintiffs have all been subject to the unlawful practices of Defendants.

23. Defendants have maintained, created and enforced unlawful practices and denied officers overtime compensation for at least the past three years.

24. Pemberton Township has a policy which was enacted on June 10, 2010 which requires all employees to clock in and clock out.

25. The policy further requires Plaintiffs to clock in and clock out at their scheduled times, not the time they begin to work for the Defendants.

26. Plaintiffs work 12-hour shifts from 7 a.m. through 7 p.m. and vice versa.

27. Due to the nature of their police work, Plaintiffs are required by their supervisors (enforcing Defendants' policy) to be prepared to begin their shift and patrol at 7 o'clock a.m. or p.m. depending on the officer's shift.   In order to be prepared to be on-duty for their shift at 7 o'clock a.m. or p.m., Defendants require Plaintiffs to conduct several activities prior to the start of their 7 o'clock shifts.

28. One of the duties required to be completed by Plaintiffs prior to the start of their 7 o'clock shift is to prepare the Arbitrator in-car video recording system.

29. The August 25, 2006 policy from Defendants requires the Plaintiffs to perform the following functions to prepare the Arbitrator system:

   A.    Turn on the computer;

   B.    Activate the Arbitrator software and login;

C.   Turn on and synchronize the mic box;

D.   Press audio 1 to check if the mic box is picking up audio;

E.   Press audio 2 to check if the in-car mic is picking up audio;

F.   Activate overhead lights to see if the record function starts, stop recording;

G.   Walk out to the front of the vehicle and press the red button on the mic to start the recording;

H.   State your name, date and time;

I.   Go back to the vehicle and end the recording;

J.   The video will automatically upload (the check is to be done before leaving the station);

K.   Advise supervisor that check has been done;

30. Under the Rules and Regulations section 3:2.4 promulgated by Defendants, unless otherwise directed, members shall report to daily roll call/briefing at the time and place specified, properly uniformed and equipped.

31. Upon information and belief, the field training manuals require and instruct officers to be ready for work before their shift.

32. Plaintiffs are also required to obtain a shotgun from the armory, fill out designated paperwork related thereto, and

secure the weapon in their vehicle.   Plaintiffs also must secure the weapon after the shift in the armory.

33.   Plaintiffs must thoroughly inspect their police vehicles to ensure that there is no contraband or other items in the police vehicle prior to their 7 o'clock shift.

34.   Plaintiffs must also inspect the vehicle for any damage prior to their shifts.

35.   Defendants' time clock policy that mandates clocking in at the time of the start of the shift rather than when they actively start to prepare their equipment is unlawful.

36.   Plaintiffs are required to perform 15 minutes of work before their shifts start.   Plaintiffs are not compensated due to Defendants' policies.

37.   Plaintiffs are required to complete responsibilities that require an additional 10 minutes after the scheduled end of their shifts and they are not compensated for this work.

38.   The time Plaintiffs work before and after the shift is at the direction of Defendants and its agents.   The time is controlled by Defendants and undertaken for the primary benefit of the employer and compensable time.

39.   Plaintiffs actual workday should be used for the calculation of wages rather than the scheduled shift.   The workday is inherently longer than the scheduled shift due

to the lack of overlap in the 12-hour schedule. 29 U.S.C. §§ 206-207; 29 C.F.R. § 785.11; 29 C.F.R. § 553.221.

40. Defendants does not have the authority to usurp Congress and their intent to guarantee compensation for all work performed by employees.

41. Defendants are barred from requiring an employer to work in advance of or after the conclusion of their scheduled shift without paying the Plaintiffs compensation. 29 U.S.C. §§ 206-207.

42. Under the collective bargaining agreement any work in excess of 80 hours per pay period must be paid as overtime.

43. "Workday", in general, means the period between the times on any particular day when such employee commences his/her "principal activity" and the time on that day at which he/she ceases such principal activity or activities. The workday may therefore be longer than the employee's scheduled shift, hours, tour of duty, or production line time. 29 U.S.C. §§ 206-207; 29 C.F.R. § 785.11; 29 C.F.R. § 553.221.

44. Defendants violate the FLSA by requiring an employee to report to work in advance of his/her scheduled start time without paying the employee for that time. 29 U.S.C. §§ 206-207; *see also* Wage and Hour Opinion Letter (March 11, 1987).

45. Pursuant to the FLSA, the Defendants has adopted a 14 day work period under Section 7(K).

46. Defendants has set 80 hours as the threshold of overtime for the 14-day work period for Plaintiffs who work 12-hour shifts.

**COUNT ONE**

**(Violations of the FLSA)**

47. Plaintiffs reassert and reallege each and every previous paragraph as if fully set forth and reiterated herein.

48. Defendants are employers within the definitions of the FLSA.

49. Plaintiffs are employed by Defendants and are employees under the FLSA.

50. Defendants are required under the FLSA to pay wages to employees for all time employees are permitted or suffered to work.

51. Defendants are required under the FLSA to pay overtime compensation to all Plaintiffs who work in excess of 80 hours over the 14-day work period.

52. Defendants compel Plaintiffs to work before their scheduled shift to prepare to actively patrol at the start of their shift.

53. Defendants enacted a policy in violation of the FLSA that mandates payment for only scheduled times of work and not actual work required to be performed.

54. Defendants unlawfully required Plaintiffs to work in excess of their 12-hour shifts and refused to properly compensate Plaintiffs for their mandated work. Defendants' requirements that Plaintiffs prepare before their shifts and to wind down after their shifts while refusing to pay them for the work performed violates the FLSA.

55. Defendants' conduct in failing to properly compensate Plaintiffs is a willful and wanton disregard of the FLSA.

**WHEREFORE**, the Plaintiffs seek judgment and damages providing:

A. Defendants shall be prohibited from maintaining their illegal practices;

B. Defendants are to make full restitution and payment to Plaintiffs amounting to 30 minutes per shift in additional compensation, at overtime or regular rates based on the Section 7(K) work period;

C. Defendants are to retroactively pay three years of wages to Plaintiffs for the deliberate violation of the FLSA;

D. Liquidated damages;

    E.    Attorneys' fees and costs;

    F.    Invalidating Defendants' time clock policy; and

    G.    Any other equitable relief that the Court determines and equitable and just.

## COUNT TWO

### (Violations of State Wage and Hour Law)

56.  Plaintiffs reassert and reallege each and every previous paragraph as if fully set forth and reiterated herein.

57.  Defendants' actions violate *N.J.S.A. 34:11-56a et seq, and N.J.A.C. 12:56 et seq.*

*58.*  Defendants' refusal to pay wages for work compelled to be performed is unlawful.

**WHEREFORE**, Plaintiffs seek judgment and damages providing:

    A.    Defendants shall be prohibited from maintaining their illegal practices;

    B.    Defendants are to make full restitution and payment to Plaintiffs amounting to 30 minutes per shift in additional compensation, at overtime or regular rates;

C.   Defendants are to retroactively pay three years of wages to Plaintiffs for their deliberate violations of the FLSA;

D.   Liquidated damages;

E.   Attorneys' fees and costs;

F.   Invalidating Defendants' time clock policy;

G.   Any other equitable relief that the Court determines and equitable and just.


**JURY DEMAND**

Plaintiffs hereby seek a trial by jury in this matter.

Respectfully submitted,
**SCIARRA & CATRAMBONE, L.L.C.**,
*Attorneys for Plaintiff*

By:  /s/Christopher A. Gray (CG-6683)
Christopher A. Gray, Esq.

Dated: October 30, 2014