NOT FOR PUBLICATION                                                                                          (Doc. No. 22)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| Thomas STEWART II, et al. | : : | |
| Plaintiffs, | : : | Civil No. 14-6810 (RBK/AMD) |
| v. | : : | **OPINION** |
| PEMBERTON TOWNSHIP, MAYOR David A. PATRIARCA, *in his official capacity only*, | : : : : | |
| Defendants. | : : | |

**KUGLER**, United States District Judge:

This action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the New Jersey State Wage and Hour Law ("NJWH"), N.J.S.A. 34:11-56a *et seq.* comes before the Court on the motion of Pemberton Township and Mayor David A. Patriarca ("Defendants") to dismiss the Second Amended Complaint (Doc. No. 18) of Thomas Stewart II *et al.* ("Plaintiffs"), pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons articulated below, Defendants' motion to dismiss (Doc. No. 22) is **GRANTED IN PART** and **DENIED IN PART**.

**I.     BACKGROUND**

In this matter, Plaintiffs argue that Defendants violated the FLSA regarding unpaid overtime compensation. Second Amd. Compl. ¶ 1. Defendants are Pemberton Township, "an incorporated municipal entity," *id.* ¶ 20, and Mayor David Patriarca, in his official capacity. Plaintiffs are "sworn law enforcement officers," *id.* ¶ 7, and they work for the Pemberton

1

Township Police Department as "patrol officers" or "patrol sergeants." *Id.* ¶¶ 8-9, 25. Plaintiffs "all work 80 hour weeks for their regularly scheduled shifts," *id.* ¶ 46, and work a "14-day work period." *Id.* ¶ 61. *See also id.* ¶ 14. Regularly-scheduled shifts are "12-hour shifts from 7 a.m. through 7 p.m. and vice versa." *Id.* ¶ 29.

Plaintiffs allege that Defendant Pemberton Township enacted a policy which "requires all employees to clock in and clock out" at scheduled times, "not the time [Plaintiffs] being to work for the Defendants." *Id.* ¶¶ 27-28. Plaintiffs further allege that "Defendants require Plaintiffs to conduct several activities prior to the start of their 7 o'clock shifts," *id.* ¶ 30, and that Plaintiffs "were not paid any wages" to complete the required "pre and post shift duties." *Id.* ¶ 31. Plaintiffs were required to perform the following duties outside of their scheduled shifts: "prepare the Arbitrator in-car video recording system"; obtain a shotgun before the shift, fill out the related paperwork, and secure the shotgun in the armory after the shift; and "thoroughly" inspect police vehicles for contraband and any damage. *Id.* ¶¶ 32, 37-39. Patrol sergeants were required to perform additional duties outside of their scheduled shifts, including but not limited to attending meetings, reviewing emails and paperwork, and supervising personnel. *Id.* ¶ 43.

Plaintiffs contend that these duties amounted to 20 or 30 minutes of uncompensated work per shift for patrol officers, and 40 minutes of uncompensated work per shift for patrol sergeants. *Id.* ¶¶ 42-43, 46. This results in an additional 2 hours and 20 minutes to 4 hours and 40 minutes of work per two-week pay period.[1] Plaintiffs assert that "[a]ll time worked in excess of 80 hours is to be paid as overtime," *id.* ¶ 49, and claim that patrol officers "worked at least 82.5 hours

---

[1] Plaintiffs state that the duties result in "an additional 2 $\frac{1}{2}$ to 4 $\frac{2}{3}$ hours" per pay period. Second Amd. Compl. ¶ 47. However, the Court calculated that an additional 20 minutes per shift over 7 shifts would result in an additional 2 $\frac{1}{3}$ hours, or 2 hours and 20 minutes, per pay period.

every two weeks" and that patrol sergeants "worked for at least 84 $^2/_3$ hours every two weeks." *Id.* ¶¶ 51-52.

Plaintiffs allege that the Defendants took away access to the department locker room "in direct response to filing the Complaint." *Id.* ¶ 69. Plaintiffs further allege that they "have all been forced to remove their equipment from the locker room and to store it in their personal vehicles or at their house." *Id.* ¶ 74. Furthermore, Plaintiffs contend that Defendants "instigated internal affairs complaints" to "intimidate Plaintiffs to deter them from pursuing the claims against Defendants." *Id.* ¶¶ 80-81.

## II.     STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Prop., Inc.*, 311 F.3d 198, 215 (3d Cir. 2002).

In making this determination, a three-part analysis is needed. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)).

Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitled for relief. *Id.* (quoting *Iqbal*, 556 U.S. at 679). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. *Id.*

## III. DISCUSSION

### A. Count One – Violations of the FLSA

Congress enacted the FLSA to eliminate labor conditions "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." *See* 29 U.S.C. § 202. The FLSA generally requires employers to pay overtime rates when employees work more than forty hours per workweek. *See* 29 U.S.C. § 207(a)(1). Section 207(k) of the FLSA "contains a partial exemption from the general overtime provisions, permitting public agencies to establish a 'work period' that lasts from seven to 28 days for employees engaged in law enforcement or fire protection activities. *Rosano v. Township of Teaneck*, 754 F.3d 177, 185 (3d. Cir. 2014) (citing 29 U.S.C. § 207(k)).

Plaintiffs contend that "Defendants never adopted the FLSA 7(k) exemption." Second Amd. Compl. ¶ 48. But the Third Circuit held that "employers seeking to qualify for the § 207(k) exemption need not express an intent to qualify for or operate under the exemption." *Rosano*, 754 F.3d 186. The only question is whether the employer "meet[s] the factual criteria set forth in

4

section 207(k)." *Id.* To qualify for the Section 207(k) exemption, the employer must demonstrate that (1) the employees at issue are engaged in fire protection or law enforcement and (2) the employer established a qualifying work period. *Id.* at 185.

In this case, Plaintiffs' Complaint admits facts which establish that Defendants are entitled to the Section 207(k) exemption. First, Plaintiffs state in their Complaint that they are "sworn law enforcement officers," Second Amd. Compl. ¶ 7, and thus "engaged in . . . law enforcement." *Rosano*, 754 F.3d at 185. Second, Plaintiffs admit that Defendant Pemberton Township established a 14-day work period, Second Amd. Compl. ¶ 61, which qualifies under Section 207(k)(2) because it is "at least 7 but less than 28 days." 29 U.S.C. §207(k)(2). As such, Defendants qualify for the Section 207(k) exemption.

The Section 207(k) exemption "increases the number of hours . . . officers may work in a work period before triggering overtime requirements." *Rosano*, 754 F.3d at 189 (citing 29 C.F.R. § 553.230(c)). For a 14-day work period, law enforcement employees may work 86 hours before triggering overtime requirements. *See* 29 C.F.R. § 553.230(c). The Plaintiffs' Complaint stated that patrol officers "worked at least 82.5 hours every two weeks," Second Amd. Compl. ¶ 51, and that patrol sergeants "worked for at least 84 $^{2}/_{3}$ hours every two weeks." *Id.* ¶ 52. This Court is required to "accept all factual allegations as true," and "construe the complaint in the light most favorable" to the Plaintiffs when evaluating a motion to dismiss under Rule 12(b)(6). *Fowler*, 578 F.3d 203, 210 (3d Cir. 2009). But even so, Plaintiffs' assertions that they "worked at least 82.5 hours" or "at least 84 $^{2}/_{3}$ hours" every two weeks only make it possible, not plausible, that they worked more than 86 hours every 14-day pay period. As such, Defendants' motion to dismiss Count One is **GRANTED**.

### B. Count Two – Violations of NJWH

Plaintiffs allege that "Defendants' actions violate N.J.S.A. 34:11-56a *et seq*, and N.J.A.C. 12:56 *et seq*." Second Amd. Compl. ¶ 96. The NJWH defines "employer" to include "any individual, partnership, association, corporation or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee." N.J.S.A. 34:11-56a1(g). N.J.A.C. 12:56-7.2(b) states that "the definition of the term 'employer' within N.J.S.A. 34:11-56a1 does not include government employers" such as "State, county and municipal employers." Under New Jersey law, courts "give substantial deference to the interpretation of the agency charged with enforcing an act." *Merin v. Maglaki*, 599 A.2d 1256, 1259 (N.J. 1992). Unless the agency's interpretation is "plainly unreasonable," it will prevail. *Id.*

It is not "plainly unreasonable" to interpret "employer" as defined in the NJWH to exclude municipal employers. As such, this Court will defer to the interpretation of "employer" set forth in N.J.A.C. 12:56-7.2(b). Plaintiffs' Complaint admits that Pemberton Township is "an incorporated municipal entity." Second Amd. Compl. ¶ 20. As such, the NJWH does not apply to Defendants, and Defendants' motion to dismiss Count Two of Plaintiffs' Complaint is **GRANTED**.

### C. Count Three – Retaliation under FLSA

The FLSA prohibits employers from "discharg[ing] or in any manner discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related" to the FLSA. 29 U.S.C. § 215(a)(3). To assert a retaliation claim under the FLSA, a plaintiff "need only allege that his employer retaliated against him by engaging in an action 'that would have been materially adverse to a reasonable employee' because the 'employer's actions . . . could well dissuade a reasonable worker from

making or supporting" a FLSA claim. *Darveau v. Detecon, Inc.*, 515 F.3d 334, 343 (4th Cir. 2008) (quoting *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006)).

Plaintiffs assert that Defendants took away their access to the department locker room and made them remove their equipment and store it elsewhere because Plaintiffs filed the original complaint. Second Amd. Compl. ¶¶ 69, 74. Furthermore, Plaintiffs claim that Defendants attempted to intimidate them from pursuing this action by filing internal affairs complaints. *Id.* ¶¶ 80-81. Accepting all factual allegations in the complaint as true, and construing those facts in the light most favorable to Plaintiffs, the Court finds that Plaintiffs' claim of retaliation under the FLSA is "plausible on its face." *Twombly*, 550 U.S. at 570. As such, Defendant's motion to dismiss Count Three of the complaint is **DENIED**.

### D. Count Four – Retaliation under NJWH

The NJWH provides criminal sanctions against employers for retaliation. *See* N.J.S.A. 34:11-56a24; N.J.A.C. 12:56-1.7 ("[a]n employer is a disorderly person, if he or she discharges or in any other manner discriminates against any employee because such employee has . . . caused to be instituted . . . any proceeding under or related to" the NJWH). But N.J.A.C. 12:56-7.2(b) excludes municipal employers from the NJWH definition of "employer." As such, N.J.S.A. 34:11-56a24 and N.J.A.C. 12:56-1.7 do not apply to Defendants, and Defendants' motion to dismiss Count Four of Plaintiffs' Complaint is **GRANTED**.

## IV.     LEAVE TO AMEND

"When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

7

Defendants are entitled to the Section 207(k) exemption as a matter of law, but whether Plaintiffs worked more than 86 hours in a 14-day work week is a question of fact. As such, Count One is **DISMISSED WITHOUT PREJUDICE**, as Plaintiffs may be able to plead with specificity the number of hours in excess of 86 each worked.

As a matter of law, the NJWH does not apply to municipal employers such as Pemberton Township. N.J.A.C. 12:56-7.2(b). It would be futile for Plaintiffs to amend their Complaint as to Count Two and Count Four, so Count Two and Count Four are **DISMISSED WITH PREJUDICE**.

## V. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiffs' Complaint is **GRANTED IN PART** and **DENIED IN PART**. Defendants' motion to dismiss Count One, Count Two, and Count Four of Plaintiffs' Complaint is **GRANTED**. Count One is **DISMISSED WITHOUT PREJUDICE**. Count Two and Count Four of Plaintiffs' Complaint are **DISMISSED WITH PREJUDICE**. Defendants' motion to dismiss Count Three of Plaintiffs' Complaint is **DENIED**.

Dated:   09/02/2015                                                        s/ Robert B. Kugler
                                                                           ROBERT B. KUGLER
                                                                           United States District Judge