NOT FOR PUBLICATION                                    (Doc. Nos. 40 & 43)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

—————————————————————
|                                              | :  |                                    |
| Thomas STEWART II, et al.                    | :  |                                    |
|                                              | :  |                                    |
|                               Plaintiffs,    | :  | Civil No. 14–6810 (RBK/AMD)        |
|                                              | :  |                                    |
|                          v.                  | :  | **OPINION**                        |
|                                              | :  |                                    |
| PEMBERTON TOWNSHIP,                          | :  |                                    |
| MAYOR David A. PATRIARCA,                    | :  |                                    |
| *in his official capacity only*,            | :  |                                    |
|                                              | :  |                                    |
|                              Defendants.     | :  |                                    |
—————————————————————  :

**KUGLER**, United States District Judge:

This action comes before the Court upon Plaintiffs' Motion for Leave to File a Third

Amended Complaint (Doc. No. 40) and Defendants' Motion to Dismiss (Doc. No. 43). For the

reasons articulated below, Plaintiffs' Motion is **GRANTED** and Defendants' Motion is

**DENIED**. Plaintiffs are directed to file their Third Amended Complaint. *See* Pls.' Reply Br., Ex.

A (Doc. No. 44).

**I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On October 30, 2014, Plaintiffs—sworn law enforcement officers employed by

Pemberton Township—brought suit under the under the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 201 *et seq.* and the New Jersey State Wage and Hour Law ("NJWH"), N.J.S.A. 34:11–

56a *et seq.* against Defendants Pemberton Township and Mayor David A. Patriarca (Doc. No. 1).

Plaintiffs filed an Amended Complaint on November 11, 2014 (Doc. No. 3). On March 30, 2015,

Magistrate Judge Ann Marie Donio granted in part and denied in part Defendants' motion for a

1

more definite statement and ordered Plaintiffs to amend their complaint by April 6, 2015 (Doc. No. 16). Plaintiffs filed their Second Amended Complaint on April 3, 2015 (Doc. No. 18).

On April 24, 2015, Defendants moved to dismiss Plaintiffs' Second Amended Complaint (Doc. No. 22). This Court granted in part and denied in part Defendants' motion. *See* Sept. 2, 2015 Op. & Order (Doc. Nos. 38 & 39). This Court incorporates the facts as set forth in that Opinion. *See* Sept. 2, 2015 Op. Plaintiffs' NJWH claims were dismissed with prejudice. This Court dismissed without prejudice Plaintiffs' FLSA claim for overtime compensation, and denied Defendants' motion to dismiss Plaintiffs' FLSA retaliation claim. The FLSA claims are therefore the present subject of dispute between the parties.

Plaintiffs filed their Motion for Leave to File Third Amended Complaint on September 16, 2015 (Doc. No. 40). On October 19 and 20, 2015, Defendants opposed Plaintiffs' Motion, and again moved to dismiss the FLSA retaliation claim (Doc. Nos. 42–43). Plaintiffs filed their Reply Brief on November 6, 2015 (Doc. No. 44). Plaintiffs attached a new proposed Third Amended Complaint, responding to criticisms raised in Defendants' Opposition Brief. *See* Pls.' Reply Br., Ex. A (hereafter "Third Amd. Compl.").

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to

"state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Prop., Inc.*, 311 F.3d 198, 215 (3d Cir. 2002).

In making this determination, a three-part analysis is needed. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitled for relief. *Id.* (quoting *Iqbal*, 556 U.S. at 679). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. *Id.*

## III.   DISCUSSION

### A.   Retaliation under FLSA

This Court previously denied Defendants' motion to dismiss Plaintiff's claim for retaliation under the FLSA. *See* Sept. 2, 2015 Op. at 6–7. The FLSA prohibits employers from "discharg[ing] or in any manner discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related" to the FLSA. 29 U.S.C. § 215(a)(3). As explained in this Court's September 2, 2015 Opinion,

Plaintiffs clearly and plausibly state a cause of action under Section 215(a)(3). Plaintiffs, however, incorrectly cite to 29 U.S.C. § 218c as the basis of their relief.

Defendants again move to dismiss Plaintiffs' claim for retaliation under the FLSA, arguing that Plaintiffs have not properly exhausted their administrative remedies as required by Section 218c. Although Section 218c is part of the FLSA, it was passed as part of the Patient Protection and Affordable Care Act ("PPACA"), Pub. Law 111–148, 124 Stat. 199. Section 218c prohibits employers from discriminating against any employee for, among other things, "provid[ing] to the employer, the Federal Government, or the attorney general of a State information relating to any violation of, or any act or omission the employee reasonably believes to be a violation of, any provision of this title" or "testify[ing] in a proceeding concerning such a violation[.]" 29 U.S.C. § 218c(a)(2)–(3). The language of the statute does not explicitly specify whether "this title" refers to "Title XXIX of the United States Code, which relates generally to labor, or to Title I of the PPACA. *See Richter v. Design at Work, LLC*, 2014 WL 3014972 at *3 (E.D.N.Y. July 3, 2014). If "this title" refers to Title XXIX of the United States Code, Section 218c would be duplicative of Section 215(a)(3). Given that Section 218c was passed as part of the PPACA, this Court concludes that "this title" instead refers to Title I of the PPACA. Section 218c is therefore not applicable to Plaintiffs' retaliation claim.

As Plaintiffs' retaliation claim under the FLSA is properly brought under Section 215(a)(3), it is irrelevant whether Section 218c requires that plaintiffs first exhaust administrative remedies. Section 215(a)(3) clearly has no such exhaustion requirement, and Plaintiffs have plausibly stated a retaliation claim under the FLSA. Defendants' Motion to Dismiss (Doc. No. 43) is therefore **DENIED**. Plaintiffs are directed to amend their retaliation claim to properly cite to Section 215(a)(3) of the FLSA.

### B.      Violations of the FLSA

The Court first acknowledges Defendants' objection to the consideration of Plaintiffs' Third Amended Complaint, attached to their Reply Brief, rather than Plaintiffs' so-called Second Amended Complaint, attached to their Motion. *See* Defs.' Reply Br. But Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Defendants have not demonstrated that Plaintiffs' additional amendment was made with "undue delay, bad faith, dilatory motive, prejudice, [or] futility." *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). This Court will therefore consider Plaintiffs' Third Amended Complaint in deciding whether to grant Plaintiffs' leave to amend.

As this Court previously explained, Defendants are entitled to the Section 207(k) exemption as a matter of law. *See* Sept. 2, 2015 Op. at 4–5. To obtain leave to amend, Plaintiffs were directed "to plead with specificity the number of hours in excess of 86 each worked." *See id.* at 8. This Court finds that the proposed Third Amended Complaint properly complies with this Court's September 2, 2015 Order. Accepting the factual allegations as true and construing the allegations in the light most favorable to Plaintiffs, Plaintiffs plausibly state FLSA claims for unpaid overtime compensation. For example, Plaintiffs allege that C. Bennett worked "at least 92 hours" in the pay period encompassing November 30, 2014, not including the additional $2\,^1/_3$ hours of alleged uncompensated work. *See* Third Amd. Compl. ¶ 67. For another example, Plaintiffs allege that J. Laffan worked "at least 85 hours" in the pay period encompassing July 4, 2013, not including the additional $2\,^1/_3$ hours of alleged uncompensated work. *See id.* ¶ 263. He was therefore not compensated for $1\,^1/_3$ hours worked in excess of 86 hours, plausibly stating a claim under the FLSA.

Defendants argue that if Plaintiffs' plausibly state FLSA claims, "those claims should be dismissed as *de minimus*." Defs.' Opp'n Br. at 13. The Third Circuit provided some guidance as to the *de minimis* doctrine in *De Asencio v. Tyson Foods, Inc.* 500 F.3d 361 (3d Cir. 2007). Courts must consider "(1) the practical administrative difficulty of recording the additional time; (2) the aggregate amount of compensable time; and (3) the regularity of the additional work." *Id.* at 374 (*quoting Lindow v. United States*, 738 F.2d 1057, 1063 (9th Cir. 1984)). But accepting Plaintiffs' allegations as true, as the Court must at this stage, the time worked is neither "small in the aggregate" nor "irregularly performed[.]" *Id.* This Court therefore declines to dismiss any claims as *de minimis* at this time.

Defendants further argue that the Portal-to-Portal Act, 29 U.S.C. § 251 *et seq.*, exempts Plaintiffs' alleged activities from the FLSA overtime requirement. *See* Defs.' Opp'n Br. at 15. Section 254(a)(2) provides that "activities which are preliminary to or postliminary to said principal activity or activities[]" are not compensable as overtime under the FLSA. The Supreme Court held that "principal activity or activities" include "all activities which are an integral and indispensable part of the principal activities." *See Integrity Staffing Solutions, Inc. v. Busk*, 135 S. Ct. 513, 517 (2014) (quotations omitted). The Court explained that "an activity is integral and indispensable to the principal activities that an employee is employed to perform if it is an intrinsic element of those activities and one with which the employee cannot dispense if he is to perform his principal activities." *Id.* at 518.

Plaintiffs allege that Defendants failed to compensate them for, among other things, "preparing their vehicle for patrol, preparing the arbitrator video system and ensuring its functionality, signing out and securing a shotgun in the patrol vehicle." Pls.' Reply Br. at 18 (citing Third Amd. Compl. ¶¶ 35–38). Accepting Plaintiffs' factual allegations as true and

6

construing those allegations in the light most favorable to Plaintiffs, this Court cannot presently conclude as a matter of law that the activities alleged were "preliminary" rather than "an integral and indispensable part of the principal activities." Plaintiffs therefore plausibly state claims under the FLSA, and their Motion for Leave to Amend is **GRANTED**.

## IV.     CONCLUSION

Plaintiffs' Motion is **GRANTED** and Defendants' Motion is **DENIED**. Plaintiffs are directed to file on the docket their most recent proposed Third Amended Complaint. *See* Pls.' Reply Br., Ex. A (Doc. No. 44).


Dated:   06/23/2016                                          s/ Robert B. Kugler

                                                             ROBERT B. KUGLER

                                                             United States District Judge